**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. 6:20-cv-454-ADA |
| v. | § | |
| | § | |
| MICROSOFT CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

---

## OPPOSED FIRST MOTION FOR EXTENSION OF TIME TO FILE ANSWER

Defendant Microsoft Corporation ("Defendant") files this Opposed First Motion for Extension of Time to File Answer and respectfully shows the following:

Plaintiff WSOU Investments LLC filed the Complaint in this case on June 2, 2020 (Dkt. 1), one of twelve complaints filed by Plaintiff against Defendant on June 2, 2020, each case asserting one patent.[1] None of the twelve asserted patents are related to one another, and the accused Microsoft products and services vary considerably. These accused products and services across the twelve cases run the gamut of Microsoft's diverse business, including Azure, Skype for Business, Skype, HoloLens, Windows Server, Xbox, and Xbox Live.

---

[1] The twelve pending cases and asserted patents are as follows:

| | | |
|---|---|---|
| 6:20-cv-454 (7,366,160) | 6:20-cv-458 (7,388,868) | 6:20-cv-462 (7,106,727) |
| 6:20-cv-455 (9,814,988) | 6:20-cv-459 (7,750,286) | 6:20-cv-463 (8,226,241) |
| 6:20-cv-456 (7,676,550) | 6:20-cv-460 (8,625,758) | 6:20-cv-464 (7,706,519) |
| 6:20-cv-457 (8,965,978) | 6:20-cv-461 (7,106,702) | 6:20-cv-465 (8,274,902) |

These cases were filed after Plaintiff voluntarily dismissed its original twelve cases against Defendant filed from April 27–29, 2020. *See* C.A. Nos. 6:20-cv-331, 6:20-cv-332, 6:20-cv-333, 6:20-cv-334, 6:20-cv-335, 6:20-cv-337, 6:20-cv-340, 6:20-cv-341, 6:20-cv-342, 6:20-cv-344, 6:20-cv-345, and 6:20-cv-346. Upon inquiry, Plaintiff declined to explain why the original cases were dismissed and new cases asserting the same patents were filed.

In each case, Defendant filed an executed waiver of the service of summons on June 5, 2020 (Dkt. 9). Pursuant to Fed. R. Civ. P. 4(d)(3), Defendant's current response deadline is August 4, 2020.

Defendant requests a thirty-day extension of time to Answer or otherwise respond on or before September 3, 2020. Starting on July 13, 2020, counsel for Defendant conferred with counsel for Plaintiff, who initially responded that Plaintiff opposed an extension because "[a]ny further delay will likely prejudice WSOU in the event that Microsoft files petitions for IPRs." Ex. A. The parties met and conferred further, with Defendant having now agreed to respond to four of Plaintiff's complaints by the original date (August 4). Yet the parties remain at an impasse.

Local Rule AT-4 (Standards for Pretrial Conduct) states in relevant part:

> (b) Requests for Extensions of Time. The court expects a lawyer to grant other lawyers' requests for reasonable extensions of time to respond to discovery, pretrial motions, and other pretrial matters. Opposing such requests wastes resources, unless the client's legitimate interests will be adversely affected.

L.R. AT-4(b) (Eff. April 26, 2012). Microsoft's request for an extension is reasonable given the circumstances, and Plaintiff has not identified any viable prejudice to justify its opposition.

This is Microsoft's first motion for extension of time to Answer or otherwise respond. Microsoft requires further time to analyze the allegations in this case before answering or otherwise responding given (1) the number of asserted patents across the twelve co-pending cases; (2) the lack of similarity among the asserted patents; and (3) the disparate and numerous accused products and services. Additionally, Plaintiff's proffered reason for opposing the requested extension (*i.e.*, fear of an IPR) is at best speculation and on its own identifies no clear prejudice to Plaintiff from this brief extension. If timing in this matter affects any future IPR proceeding, the Patent Office can consider this Court's case schedule consistent with its own

rules and practices. *See*, *e.g.*, *Apple Inc. v. Fintiv, Inc.*, Case IPR2020-00019, Paper 11 at 9 (P.T.A.B. Mar. 20, 2020). In other words, speculative fear of an IPR is not a reasonable justification to oppose a first request for a reasonable extension of time. Finally, Microsoft's requested relief is limited to cases like this one where it needs more time to respond because of the nature and complexity of the accused Azure, Windows Server, and Skype functionalities, which would be challenging even in the absence of Covid-19-related obstacles. At the same time, as to Plaintiff's two complaints directed against Microsoft's HoloLens products and the two complaints directed against Xbox products and services, Microsoft does not seek an extension and will file its responsive pleadings by the original deadline (August 4).

Wherefore, Defendant respectfully requests that the Court grant this motion and enter an order extending the deadline for Defendant to answer or otherwise respond to the Complaint to September 3, 2020.

Respectfully submitted,

Dated: July 24, 2020                    By:   /s/ *Barry K. Shelton*
                                         Barry K. Shelton
                                         Texas State Bar No. 24055029
                                         **SHELTON COBURN LLP**
                                         311 RR 620, Suite 205
                                         Austin, TX 78734-4775
                                         bshelton@sheltoncoburn.com
                                         (512) 263-2165 (Telephone)
                                         (512) 263-2166 (Facsimile)

                                         ATTORNEYS FOR DEFENDANT
                                         MICROSOFT CORPORATION

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7-1(i), the undersigned hereby certifies that between July 16 and 23, 2020 he conferred by email and telephone with counsel for Plaintiff, Mr. James Etheridge, who stated that Plaintiff is opposed to the relief requested herein.

/s/ *Barry K. Shelton*
Barry K. Shelton

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

/s/ *Barry K. Shelton*
Barry K. Shelton