IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION<br><br>Defendant. | CIVIL ACTION NO. 6:20-cv-454<br><br>**JURY TRIAL DEMANDED** |

**WSOU'S RESPONSE TO MICROSOFT'S MOTION
FOR AN ADDITIONAL EXTENSION OF TIME**

WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") files this response to Microsoft Corporation's ("Microsoft") Motion for an additional extension of time. Microsoft's proposed extension of an additional 30-days prejudices WSOU; and, Microsoft does not have good cause. To begin with, Microsoft already has an extension of 60-days associated with the agreed upon waiver of service. In an effort to alleviate this motion practice, WSOU offered an additional six-day extension to put Microsoft on the same-footing as this Court's typical practice – 66 days max to file an answer or otherwise plead.[1] WSOU also offered a conditional 30-day extension – provided that the parties requested a case management conference ("CMC") be set so that that case went forward without any further delay in the trial setting. Microsoft rejected both offers and now tacitly seeks a delay in the case schedule and trial setting to the prejudice of WSOU.

**ARGUMENT**

To begin with, Microsoft inexplicably provided only select portion of the email chain between the parties. As can be seen in the complete email chain (attached as Exhibit A), Microsoft requested, and WSOU agreed, to a sixty-day extension in exchange for a waiver of

---

[1] 66 days is calculated as 21 days from service + 45 days, which is the maximum extension without good cause.

1

service. Both parties referred to the 60-day period as an "extension" (see, for examples emails dated June 3, 2020; July 13, 2020; and July 23, 2020) and WSOU's understanding was there would be no further extensions. This is in conformance with the court's typical practice of 66 days max to file an answer or otherwise plead – without good cause.

On July 13, 2020, Microsoft requested "another 4-6 weeks extension" for all twelve cases. WSOU informed Microsoft that it opposed further extensions past the 60-day extension as it would delay the setting of the CMC, further delay the trial setting and would be prejudicial to WSOU. WSOU explained the prejudice was not just hypothetical. The delay benefits Microsoft (and strongly prejudices WSOU) in any parallel requests for inter partes review ("IPR") filed with the Patent Trademark Trial and Appeal Board ("PTAB"). This is because the PTAB in determining whether or not to institute trial considers the trial schedule in parallel District proceedings and whether a trial setting would occur before the corresponding dates in an IPR for a final written decision.[2] In delaying the CMC by even further extensions, Microsoft seeks to increase its odds of institution to the prejudice of WSOU.

In order to address both parties' concerns discussed in the meet and confer, WSOU agreed to offer Microsoft a conditional 30-day extension (the exact extension Microsoft seeks) if Microsoft would agree to not delay the setting of the CMC trial setting. *See* e.g., Exhibit A, July 23, 2020 email. Microsoft's counsel recently used, and the Court approved, this exact same equitable approach in another case.[3] This approach equitably provides Microsoft the extension

---

[2] *See NHK Spring Co. v. Intri-Plex Techs., Inc.,* No. IPR2018-00752, Paper 8 (PTAB Sept. 12, 2018) (precedential) (citing the more advanced trial schedule as reason to deny institution) and *Apple, Inc. v. Fintiv, Inc.*, No. IPR2020-00019, Paper 11 (PTAB March 20, 2020)(informative)(citing *NHK Spring* and providing the "Fintiv" factors for discretionary denial of an IPR petition, such factors including the "proximity of the court's trial date to the Board's projected statutory deadline for a final written decision."). *NHK Spring* and *Fintiv* are respectively designated precedential and informative by the USPTO. *See* https://www.uspto.gov/patents-application-process/patent-trial-and-appeal-board/precedential-informative-decisions

[3] *See PayPal, Inc. v. RetailMeNot, Inc.*, Case No. 6-20-cv-00339 (W.D. Tex. June 17, 2020)(Dkt. No. 17 laying out the same procedure offered to Microsoft – a readiness request before an answer to allow the case-management conference to proceed as if the party had answered).

2

it seeks while alleviating WSOU's prejudice from further delay in the trial schedule. Microsoft rejected this approach, tacitly acknowledging that its request is not just about having more time, but rather also about delaying the schedule. If more time to answer were the real reason, Microsoft would have accepted WSOU' conditional 30-day offer.

Inexplicably, in its counteroffer of July 23, 2020, Microsoft stated it would answer in four cases on August 4th, but still seek an additional 30-day extension in the remaining eight cases. Such action simply splits the cases into two separate tracks, in effect needlessly doubling the filings with the court, and the efficient resolution of common issues between the parties.

Microsoft already obtained an extension associated with its domestic waiver of service – 60 days. When negotiating that extension (and opting to go the waiver route as opposed to theservice route),[4] WSOU understood that this would be Microsoft's only extension. Microsoft's new request places its answer at 90 days from its domestic waiver of service, which is beyond this Court's standard period for good cause. Parties, including Microsoft's counsel, recognize that a waiver is a form of extension.[5]

This Court has made it clear that extensions beyond 45-days (or 66 days from service) require good cause.[6] WSOU offered to place Microsoft in the same position they would be placed

---

[4] When the parties originally negotiated extensions in early May, in association with the earlier filed cases, Microsoft requested 45 days from service. However, the parties agreed on waiver of service and 60 days instead.

[5] *See* Exhibit A, July 13, 2020 email (requesting "another 4-6 week extension."). *See* also *Netlist, Inc. v. SK Hynix, Inc. et. al,* Case No. 6-20-cv-00194 (W.D. Tex. April 7, 2020)("Thus, per Federal Rule of Civil Procedure 4(d), the default rule is that SK hynix Inc. be given a 90-day **extension** in exchange for waiving service. Given the ongoing Coronavirus Pandemic, SK hynix respectfully submits that a modest **additional extension** of 15 days, for a total of a 105-day extension, is warranted.") (Underlying and bold added).

[6] *See* e.g., in each of the following cases a note that the Court is limiting extensions to 45 days absent good cause: *Kirsch Research and Development LLC v. Tarco Specialty Products, Inc.*, Case No. 6-20-cv-00318 (W.D. Tex. July 19, 2020); *Ravgen, Inc. v. PerkinElmer Inc. et al*, Case No. 6-20-cv-00452 (W.D. Tex. July 19, 2020); *Kajeet, Inc. v. Lightspeed Solutions, LLC*, Case No. 6-20-cv-00203 (W.D. Tex. July 19, 2020); *Pearl IP Licensing LLC v. Cellco Partnership,* Case No. 6-20-cv-00348 (W.D. Tex. July 16, 2020); *Zyrcuits IP LLC v. SunPower Corporation*, Case No. 6-20-cv-00587 (W.D. Tex. July 16, 2020); and *Teleputers, LLC v. Oracle Corporation and Sun Microsystems, Inc.,* case No. 6-20-cv-00600 (W.D. Tex. July 16, 2020).

had it "accepted" service as opposed to "waiving" domestic service, namely six extra days – the same 66 days as this Court's standard practice. *See* e.g., Exhibit A, July 23, 2020 email. Microsoft also rejected that offer.

In earlier proceedings concerning the patents-in-suit, the parties discussed a 45-day extension from service but agreed instead to use waivers of service. *See* Exhibit A, June 3, 2020 email. Microsoft should not be allowed to do an end-around this Court's 45-day extension procedure because a domestic waiver is used as opposed to service. If the requisite good cause is not required for extensions on top of domestic waivers, future litigants will use waivers as an end-around this Court's standard procedure concerning 45-day extensions on service.

In the meet and confers, Microsoft's stated its "good cause" for another 30-day extension was simply the number of cases. This argument should be rejected for two reasons. First, WSOU already agreed to a conditional 30-days if the case-management-conferences (and trial schedule) were allowed to move forward. Microsoft rejected this offer. Second, as Microsoft admits in its Motion, earlier lawsuits with the exact same patents were filed on April 27, 2020 and April 28, 2020[7], in effect providing Microsoft already with 97 days between notice and the current answer date. The parties have worked directly together on these patents and cases since May 7, 2020, and later agreed to a 60- day waiver extension as opposed to the Microsoft's originally requested 45-day extension from service. Those lawsuits were dismissed shortly after the current lawsuits were filed. Given these are refiled cases, Microsoft will have had more 90 days (the months of May, June, and July) to consider the patents-in-suit – well beyond the typical period most defendants are provided. Microsoft's request inexplicably seeks to move that period to more than 120 days without the requisite good cause required to do so.

## CONCLUSION

For the above reason, the Court should deny Microsoft's Motion. Alternatively, the Court should grant Microsoft one of the two alternatives offered by WSOU.

---

[7] *See* Case Nos. 6-20-cv-00331, -332- 333, -334, -335, -337, -340, -341, -342, -344, -345, and -346.

Dated: July 24, 2020 Respectfully submitted,

/s/ James L. Etheridge
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on July 24, 2020, the foregoing document was served upon all counsel of record via email in accordance with the Federal Rules of Civil Procedure.

/s/ James L. Etheridge
James L. Etheridge