**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Civil Action No. 6:20-cv-454 |

**DEFENDANT MICROSOFT CORPORATION'S REPLY BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 2

    A.    WSOU's Complaint Does Not Allege Facts That Plausibly Show That Azure Monitor Satisfies the "Two or More" Limitation of the Claim. ................................................. 2

    B.    WSOU's Complaint Does Not Allege Facts That Plausibly Show That Azure Monitor Satisfies the "as a Function of" Limitation of the Claim. ............................................. 4

    C.    Claim Construction Is Not Necessary to Dismiss WSOU's Complaint ....................... 6

    D.    WSOU's Indirect Infringement Allegations Should Also Be Dismissed ..................... 7

CONCLUSION ................................................................................................................................. 8

# INTRODUCTION

It is indisputable that to state a plausible claim of direct infringement, a complaint must contain facts showing that an accused system practices each limitation of a claim. WSOU's complaint fails to meet this bar in two independent ways. It does not allege facts that plausibly show that Microsoft's Azure Monitor service satisfies either the independent claim's "two or more" limitation, or its "as a function of" limitation.

*First*, WSOU's complaint does not plausibly allege that Azure Monitor determines a service indicator value as a function of "two or more" network parameter values. Instead of focusing on the factual allegations in its complaint, WSOU responds to this deficiency by discarding its original theory of infringement. Specifically, the complaint alleges that a certain latency measurement (SuccessE2ELatency) satisfies the "service indicator" limitation because it is somehow determined as a function of "latency," an alleged "network parameter." Pressed to explain how this one network parameter (latency) constitutes "two or more" network parameters, WSOU abandons this theory and injects a new one in its response. There, WSOU contends for the first time that SuccessE2ELatency is determined not from "latency" as alleged in the complaint, but from two new purported network parameters: "request time" and "response time." The complaint, however, controls. Because of its facial deficiency, the complaint should be dismissed.

*Second*, WSOU's complaint also fails to plausibly allege that Azure Monitor determines the service indicator value "as a function of" the network parameter values. While the complaint repeats the "as a function of" claim language, it does not allege facts that plausibly show that Azure Monitor satisfies this limitation. Instead, the complaint's allegations require the illogical: for one value (*e.g.*, bandwidth) to be determined "as a function of" the ***same value***. In opposition, WSOU highlights a supposedly key distinction between two terms in the complaint,

1

"Average Bandwidth" and "Bandwidth." But that argument ignores the complaint's allegation that "Bandwidth" is **both** the claimed service indicator and network parameter. Implausible allegations are afforded no credit under the pleading standards. For this independent reason, WSOU's direct infringement claim should be dismissed.

WSOU's indirect infringement claims likewise should be dismissed. There is no plausible induced infringement claim at least because there is no plausible direct infringement claim. In addition, the complaint lacks any factual allegation that plausibly suggests that Azure Monitor has no substantial non-infringing uses or is specially made for infringement, facts which must be pled to allege contributory infringement.

Microsoft respectfully requests that the Court dismiss WSOU's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### A. WSOU's Complaint Does Not Allege Facts That Plausibly Show That Azure Monitor Satisfies the "Two or More" Limitation of the Claim.

Although WSOU introduces a new infringement theory in its response, this motion turns on what WSOU alleges in the complaint. And the complaint does not satisfy the pleading standards. It does not allege any facts that indicate that Azure Monitor satisfies the claim limitation requiring "two or more" network parameter values.

Among other limitations, the claim requires "measuring and/or calculating" "two or more" network parameter values, and "determining" a service indicator value "as a function of said measured and/or calculated [network] parameter values." '160 patent, claim 1.[1] The complaint alleges that Azure Monitor performs the "measuring and/or calculating" step when it

---

[1] Claim 1 is the sole exemplary claim in the complaint and the sole independent claim in the asserted '160 patent.

2

collects data on "loss, latency, response time, or bandwidth utilization," which the complaint alleges are examples of the claimed network parameter values. D.I. 27 ("Resp."), at 3.

> 32. The Network performance monitor selects the chosen metric from *loss, latency, response time, or bandwidth utilization* (i.e. two or more *parameters of a network* representative and variable in time) for predicting trends or generating alerts in case of this system.
>
> 33. The Network performance Monitor collects *loss and latency* information (i.e. *network parameters*). Data collection happens at regular intervals.

D.I. 1 ("Complaint"), at ¶¶ 32–33 (emphasis added).

The complaint then alleges that Azure Monitor performs the "determining" step when it, for example, determines SuccessE2ELatency (an alleged service indicator value) as "a function of Latency," a network parameter value. *See* Complaint, at ¶¶ 36–37. But the complaint does *not* allege that SuccessE2ELatency (or any other purported service indicator value) is determined "as a function of" latency *and* a second network parameter value as required by the claim.

> 36. Metrics (i.e. service indicator) are values that describe aspects of a system. Metrics can be collected at regular intervals (i.e. two or more times) and can be aggregated using a variety of algorithms.
>
> 37. As an example, metrics like Average Bandwidth is a function of Bandwidth (i.e. network parameter). Similarly, metrics like Suc[c]essE2ELatency are also a function of Latency (i.e. network parameter).

Complaint, at ¶¶ 36–37.

Instead of defending its complaint, WSOU's response introduces a new infringement theory. WSOU no longer appears to contend that SuccessE2ELatency is determined as a function of latency. Instead, it contends "SuccessE2ELatency is a composite 'metric' that is a function of multiple parameters" "including request time and response time." Resp., at 4–5.

Setting aside whether this new theory might have been sufficient if originally pled, this theory is not in WSOU's complaint. The complaint, as illustrated above, alleges only that SuccessE2ELatency (and other metrics "like" it) are determined as a function of a single network

3

parameter value.  *See* Complaint, at ¶ 37.

In its response, WSOU contends in the alternative that the Court can purportedly infer that Azure Monitor satisfies the limitation which requires determining a service indicator value as a function of "two or more" network parameter values because the complaint alleges that metrics "can be 'aggregated using a variety of algorithms.'"  Resp., at 5 (citing Complaint, at ¶ 36).  But WSOU's argument omits the relevant portion of the allegation.  That paragraph alleges "[m]etrics (i.e., *service indicator*) . . . . can be collected at regular intervals (i.e., two or more times)."  Complaint, at ¶ 36 (emphasis added).  Thus, at best, WSOU has alleged that Azure Monitor aggregates *service indicator* values, not that Azure Monitor calculates or measures "two or more" *network parameter* values as required by the claim.  Even if all of the complaint's allegations are taken as true, WSOU has failed to allege direct infringement.[2]  For this failure alone, WSOU's direct infringement claim should be dismissed.

### B. WSOU's Complaint Does Not Allege Facts That Plausibly Show That Azure Monitor Satisfies the "as a Function of" Limitation of the Claim.

WSOU also has failed to allege that Azure Monitor determines a certain value "as a function of" two other values as required by the claim.  *See* '160 patent, at claim 1.  Instead, the complaint alleges the illogical—the *same value* is two different things, one of which must be determined "as a function of" the other.

Any way the claim is read, the complaint must identify both network parameter values and a service indicator value.  The claim requires these limitations to be different from each other because it requires determining a service indicator value "as a function of" the network

---

[2] The paragraph spanning pages 5–6 of the response does not state a plausible claim of infringement for various reasons.  The Court should also disregard it entirely because "the court reviews only the well-pleaded facts in the complaint," and not "new factual allegations made outside the complaint."  *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008).

4

parameter values. The complaint (as explained above) alleges that "loss, latency, response time, or bandwidth utilization" data are examples of network parameter values.

> 32. The Network performance monitor selects the chosen metric from loss, *latency*, response time, or *bandwidth utilization*. (i.e. two or more *parameters of a network* representative and variable in time) for predicting trends or generating alerts in case of this system.
>
> 33. The Network performance Monitor collects loss and *latency* information (i.e. *network parameters*). Data collection happens at regular intervals.

Complaint, at ¶¶ 32–33.

At the same time, however, the complaint alleges that the same "[b]andwidth and [l]atency" are examples of service indicator values determined "as a function of" the network parameter values.

> 38. Azure Monitor determines a trend of a *metric (i.e. service indicator)*. The trend of a metric is a function of metric values.
>
> 39. The trends of *metrics like Bandwidth and Latency* are shown below.

Complaint, at ¶¶ 38–39 (emphasis added). It defies logic for a single value (bandwidth or latency) to be determined "as a function of" the very same value. *See* D.I. 20 ("Op."), at 6–7.

In response, WSOU contends that Microsoft has "conflate[d] distinct features" in the complaint such as "'Average Bandwidth' (a service indicator)," which the complaint alleges is a "function of 'Bandwidth' (a parameter)." Resp., at 4. But any blurred distinction between "Average Bandwidth" and "Bandwidth" comes from the complaint itself, which does not (and cannot) rely on these terms being distinct as WSOU now argues.[3]

Specifically, enforcing a distinction between "Average Bandwidth" and "Bandwidth"

---

[3] WSOU's failure to plead facts with clear correspondence to claim limitations also compromises the ability of the complaint to provide reasonable notice of WSOU's claim as Fed. R. Civ. P. 8 requires. Fed. R. Civ. P. 8 was not intended to encourage ambiguous pleadings. *See*, *e.g.*, Fed. R. Civ. P. 8(d) ("Each allegation must be simple, concise, and direct.").

undermines the complaint's allegations with respect to a different limitation: "determining a trend of the [service] indicator." In its complaint, WSOU alleges that this limitation is satisfied because "trends of metrics like *[b]andwidth* and *[l]atency* are shown below." Complaint, at ¶ 39 (emphasis added). Thus, to credit WSOU's insistence that "Average Bandwidth" differs from "Bandwidth" results in the complaint failing to allege Azure Monitor performs the claimed "determining a trend of the [service] indicator" step. Even if WSOU's interpretation of its complaint is accepted, it still does not plead a case of direct infringement.

In trying to plug one leak, WSOU's response has caused another. Therefore, whether or not WSOU's arguments are adopted, this complaint holds no water and should be dismissed.[4]

### C. Claim Construction Is Not Necessary to Dismiss WSOU's Complaint

Aside from introducing theories of infringement not alleged in the complaint, WSOU's response contends it would be improper to dismiss its complaint prior to claim construction. *See*, *e.g.*, Resp., at 1 n.2–n.3, 6–7. But Microsoft's motion is not based on the construction of a disputed term. It is based on limitations that the parties agree the claim requires, and on shortcomings in WSOU's complaint.

WSOU does not dispute that the claim requires determining a service indicator value as a function of "two or more" network parameter values. *See, e.g.*, Resp., at 4. The complaint, contrary to this requirement, alleges the selection or use of a *single* network parameter. For example, it alleges the selection of "the chosen metric," and the determination of a purported

---

[4] WSOU's claim of infringement under the doctrine of equivalents fails because it is bare bones and does not identify what is allegedly infringed literally and what is allegedly infringed by equivalents. *See Macronix Int'l Co., Ltd. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014) (granting dismissal of equivalents claim because "it is not even clear . . . what is alleged to be literally infringed and what is alleged to be infringed by equivalents"). The complaint's failure to identify where equivalents purportedly applies only compounds the deficiencies in the allegations of literal infringement.

service indicator value from a network parameter, not "two or more" network parameters.

> 32. The Network performance monitor selects the chosen *metric* from loss, latency, response time, or bandwidth utilization. (i.e. two or more parameters of a network representative and variable in time) for predicting trends or generating alerts in case of this system.
>
> 37. As an example, metrics like Average Bandwidth is a function of Bandwidth (i.e. *network parameter*). Similarly, metrics like Suc[c]essE2ELatency are also a function of Latency (i.e. *network parameter*).

Complaint, at ¶¶ 32, 37.

Thus, given the particular failings of WSOU's complaint, there can be no salvation in claim construction. In alleging infringement, a complaint must plausibly allege that the accused system meets each claim limitation, not just the purported gist of the claim. *See De La Vega v. Microsoft Corp.*, No. 6:19-cv-00612, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (granting motion to dismiss where plaintiff failed to "include even a short written description" of how a limitation is met). WSOU's complaint fails to meet this bar, and should be dismissed.

### D. WSOU's Indirect Infringement Allegations Should Also Be Dismissed

WSOU's induced infringement claim should be dismissed at least because there is no plausible claim of direct infringement. Moreover, WSOU does not rebut the argument that the complaint fails to allege that Azure Monitor has "no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" Op., at 11 (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)). Because a claim for contributory infringement requires more than an allegation that "if you use this device to perform the patented method, the device will infringe and has no noninfringing uses," WSOU's contributory infringement claim should be dismissed. *Bill of Lading*, 681 F.3d at 1338.

## CONCLUSION

For the reasons set forth in Microsoft's opening brief and above, the Court should dismiss WSOU's complaint that Microsoft infringes the '160 patent.

Respectfully submitted,

Date: September 24, 2020    /s/ Barry K. Shelton

Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166
bshelton@sheltoncoburn.com

*Of Counsel*

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

*Attorneys for Defendant Microsoft Corporation*

## CERTIFICATE OF SERVICE

I certify that on September 24, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Barry K. Shelton*

Barry K. Shelton