**IN IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | **CIVIL ACTION 6:20-cv-00454-ADA** |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-cv-00455-ADA** |
| **DEVELOPMENT,** | § | **CIVIL ACTION 6:20-cv-00455-ADA** |
| *Plaintiff,* | § | **CIVIL ACTION 6:20-cv-00456-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00457-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00458-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00459-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00460-ADA** |
| **v.** | § | **CIVIL ACTION 6:20-cv-00461-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00462-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00463-ADA** |
| **MICROSOFT CORPORATION,** | § | **CIVIL ACTION 6:20-cv-00464-ADA** |
| *Defendant.* | § | **CIVIL ACTION 6:20-cv-00465-ADA** |

**FIRST AMENDED SCHEDULING ORDER**

| Date | Item |
|---|---|
| **September 18, 2020** | Case Management Conference |
| **October 2, 2020** (2 weeks after the CMC) | Deadline for Motions to Transfer |

| Date | Item |
|------|------|
| **November 6, 2020**<br>(7 weeks after the CMC) | Defendant serves preliminary[1] invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
| **November 20, 2020**<br>(9 weeks after the CMC) | Parties exchange claim terms for construction. |
| **December 4, 2020**<br>(11 weeks after the CMC) | Parties exchange proposed claim constructions. |
| **December 11, 2020**<br>(12 weeks after the CMC) | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon in their opening brief with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| **December 18, 2020**<br>(13 weeks after the CMC) | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party

| Date | Item |
|---|---|
| **January 8, 2021**<br>(14 weeks) | Plaintiff files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| **January 29, 2021**<br>(17 weeks) | Defendant file Responsive claim construction brief. |
| **February 11, 2021**<br>(19 weeks) | Plaintiff files Reply claim construction brief. |
| **February 24, 2021**<br>(21 weeks) | Defendant files a Sur-Reply claim construction brief |
| **February 25, 2021**<br>22 weeks (but at least 1 week before Markman Hearing) | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[3] |
| **February 25, 2021**<br>3 business days after submission of sur-reply | Parties submit Joint Claim Construction Statement and provide copies of briefs to the Court. |
| **March 4 – 5, 2021** | *Markman* hearing at 9:00 a.m. |
| **March 8, 2021**<br>(1 business day after *Markman* hearing) | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| **April 16, 2021**<br>(6 weeks after *Markman*) | Deadline to add parties. |
| **April 30, 2021**<br>(8 weeks after *Markman*) | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement o Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| **June 24, 2021**<br>(16 weeks after *Markman*) | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |

---

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| Date | Item |
|---|---|
| **September 2, 2021**<br>(26 weeks after *Markman*) | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| **September 30, 2021**<br>(30 weeks after *Markman*) | Close of Fact Discovery. |
| **October 7, 2021**<br>(31 weeks after *Markman*) | Opening Expert Reports. |
| **November 4, 2021**<br>(35 weeks after *Markman*) | Rebuttal Expert Reports. |
| **December 2, 2021**<br>(38 weeks after *Markman*) | Close of Expert Discovery. |
| **December 9, 2021**<br>(39 weeks after *Markman*) | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a |
| **December 16, 2021**<br>(40 weeks after *Markman*) | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| **December 30, 2021**<br>(42 weeks after *Markman*) | Serve Pretrial Disclosures (jury instructions, exhibit lists, witness lists, discovery and deposition designations). |
| **January 13, 2022**<br>(44 weeks after *Markman*) | Serve objections to pretrial disclosures/rebuttal disclosures. |
| **January 20, 2022**<br>(45 weeks after *Markman*) | Serve objections to rebuttal disclosures and file motions *in limine*. |

| Date | Item |
|---|---|
| **January 27, 2022** (46 weeks after *Markman*) | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibit lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| **February 3, 2022** (47 weeks after *Markman*) | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com.<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| **February 14, 2022** (3 business days before Final Pretrial Conference) | File joint notice identifying remaining objections to pretrial disclosures and disputes on motion *in limine*. |
| **February 17, 2022** (49 weeks after *Markman*) | Final Pretrial Conference. The Court expects to set this date at the conclusion of the Markman Hearing. |
| **March 3, 2022** (52 weeks after *Markman*)[4] | Jury Selection/Trial. The Court expects to set this date at the conclusion of the Markman Hearing. |

SIGNED this __14th__ day of __December__, 2020

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[4] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-Markman that are consistent with the Court's default deadlines in light of the actual trial date