# Exhibit 6

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 10/307,461 | MARILLY ET AL. |
| | Examiner | Art Unit |
| | Melur Ramakrishnaiah | 2614 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on *12 June 2007*.
2a) ☒ This action is FINAL.    2b) ☐ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) *1 and 3-13* is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) *1 and 3-13* is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☒ All   b) ☐ Some * c) ☐ None of:
      1. ☒ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

Attachment(s)
1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date *12-2-2002*.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 10/307,461                                                                 Page 2
Art Unit: 2614

## Claim Rejections - 35 USC § 102

1. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

2. Claims 1, 3 12-13 are rejected under 35 U.S.C 102(e) as being anticipated by Clark (WO 0180492A2).

Regarding claim 1, Clark discloses a method of determining communication network service trends, comprising the steps of: selecting two or more parameters of a network representative of a network service and variable in time, measuring and/or calculating at two or more times values of the network parameters, determining two or more times the value of a service indicator as a function of the measured and/or calculated parameter values, and determining a trend of the indicator as a function of the determined indicator values (abstract; page 5, line 25 – page 6, line 23; page 7, line 25 – page 9, line 21; page 10, line 17 – page 14, line 19; figs. 3-7), determining as a function of the trend of the indicator a time of service indicator crossing a defined threshold (page 13 lines 1-14).

Regarding claims 3-6, 12-13, Clark further teaches the following: network service is selected from the group comprising: voice, videophone, telephone, real time data, etc, determining service trends includes comparing parameter values to predetermined

Application/Control Number: 10/307,461 Page 3
Art Unit: 2614

thresholds, determining network parameter trend, and comparing the parameter trend to a predetermined threshold, step of determining a capacity to provide network service at a given time, network management system using a method according to claim 1 (abstract; page 5, line 25 – page 6, line 23; page 7, line 25 – page 9, line 21; page 10, line 17 – page 14, line 19; figs. 3-7).

### *Claim Rejections - 35 USC § 103*

3. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

4. Claim 4 is rejected under 35 U.S.C. 103(a) as being unpatentable over Clark in view of Jones (US PAT: 6,721,750, filed 7-3-2001, hereinafter Jones).

Clark differs from claim 4 in that he does not teach the following: determining an indicator plane by linear regression of measured and /or calculated values.

However, Jones discloses system and method for broadband capacity tracking which teaches use of linear regression to calculate usage of network elements (col. 8, line 59 – col. 9, line 16).

Thus, it would have been obvious to one of ordinary skill in the art at the time invention was made to modify Clark's system to provide for the following: determining an indicator plane by linear regression of measured and /or calculated values as this arrangement would facilitate use of the well known statistical methods to derive useful results in network analysis.

Application/Control Number: 10/307,461       Page 4
Art Unit: 2614

5.   Claims 7-10 are rejected under 35 U.S.C. 103(a) as being unpatentable over Clark in view of Chittipeddi (US PAT: 6,246,325).

Clark differs from claims 7-10 in that he does not teach the following: trend of the indicator is determined by a neural network, comprising a training step in which neural network determines rules if association between a service trend and service parameter values, inserting into the neural network a training base providing service tend values associated with service parameter values, neural network is multilayer network.

However, Chittipeddi discloses distributed communications system for reducing equipment downtime which teaches use of multilayer neural network for detecting and measuring maintenance problems (col. 8 lines 5-14).

Thus, it would have been obvious to one of ordinary skill in the art at the time invention was made to modify Clark's system to provide for the following: trend of the indicator is determined by a neural network, comprising a training step in which neural network determines rules if association between a service trend and service parameter values, inserting into the neural network a training base providing service tend values associated with service parameter values, neural network is multilayer network as this arrangement would facilitate to use neural network capabilities to analyze network systems as taught by Chittipeddi.

6.   Claim 11 is rejected under 35 U.S.C. 103(a) as being unpatentable over Clark in view of Deville (US PAT: 5,909,646).

Application/Control Number: 10/307,461 Page 5
Art Unit: 2614

Clark differs from claim 11 in that he does not teach the following: calculating a mathematical expectation of financial loss as a function of network service trend determined.

However, Deville discloses system for estimating signals received in the form of the mixed signals which teach: calculating mathematical expectation as function of signal samples (col. 5 lines 14-29).

Thus, it would have been obvious to one of ordinary skill in the art at the time invention was made to modify Clark's system to provide for the following: calculating a mathematical expectation of financial loss as a function of network service trend determined as this arrangement would facilitate use one of the well known mathematical techniques for figuring out average trends as is well known in the art.

### *Response to Arguments*

7.   Applicant's arguments filed on 6-12-2007 have been fully considered but they are not persuasive.

Applicant's Foreign priority is acknowledged in the current office action summary.

Rejection of claims 1-3, 5-6, and 12-13 under 35 U.S.C 102(e) as being anticipated by Clark (WO 0180492A2): regarding amended claim 1, Applicant argues that "There is no teaching or suggestion in Clark of a "subsequent step of determining as a function of the trend of the indicator a time service indicator crossing a defined threshold" as recited in amended claim 1". Contrary to Applicant's interpretation of Clark reference, Clark clearly teaches: The value of R (reads on trend) is compared to a threshold value and an indication transferred to SNMP Agent (307, fig. 3) should the

WSOU_454_7366160-0000543

value of R be below said threshold value, according to Fig. 7 steps 731 and 734 (page 13 lines 5-6). This clearly reads on applicant's claim limitation such as: determining as a function of the trend of the indicator a time service indicator crossing a defined threshold. Since Clark teaches limitations of amended claim 1, rejection of claim 1 is maintained as set forth in the office action above.

Regarding rejection of dependent claims 3-13, Applicant's arguments are tied to independent claim 1 being patentable which is not as explained above.

8.  **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Melur Ramakrishnaiah whose telephone number is (571)272-8098. The examiner can normally be reached on 9 Hr schedule.

Application/Control Number: 10/307,461 Page 7
Art Unit: 2614

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Curt Kuntz can be reached on (571) 272-7499. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Melur Ramakrishnaiah
Primary Examiner
Art Unit 2614