**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § CIVIL ACTION 6:20-CV-00454-ADA |
| | § CIVIL ACTION 6:20-CV-00455-ADA |
| | § CIVIL ACTION 6:20-CV-00456-ADA |
| Plaintiff, | § CIVIL ACTION 6:20-CV-00457-ADA |
| | § CIVIL ACTION 6:20-CV-00458-ADA |
| | § CIVIL ACTION 6:20-CV-00459-ADA |
| v. | § CIVIL ACTION 6:20-CV-00460-ADA |
| | § CIVIL ACTION 6:20-CV-00461-ADA |
| MICROSOFT CORPORATION, | § CIVIL ACTION 6:20-CV-00462-ADA |
| | § CIVIL ACTION 6:20-CV-00463-ADA |
| Defendant. | § CIVIL ACTION 6:20-CV-00464-ADA |
| | § CIVIL ACTION 6:20-CV-00465-ADA |
| | § |
| | § PATENT CASE |
| | § |
| | § |
| | § JURY TRIAL DEMANDED |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development and Defendant Microsoft Corporation, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, other proprietary information, or information implicating privacy considerations in the Action[1];

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party or Non-Party may designate as confidential for protection under this Order, in

---

[1] Action means the Case Nos. 6:20-cv-0454 through 6:20-cv-00465.

whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Non-Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material. For natively produced Protected Material, the appropriate designation shall be placed on the placeholder image bearing the Bates number for the native file and the filename of each such natively produced document shall include the appropriate designation.

2.      Any document produced under the Order Governing Proceedings before issuance of this Order with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or any similar designation shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL,"
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY
CONFIDENTIAL – SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the
provisions herein and unless otherwise stated, this Order governs, without limitation: (a)
all documents, electronically stored information, and/or things as defined by the Federal
Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents
marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings,
exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies,
reproductions, extracts, digests and complete or partial summaries prepared from any
DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and
treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –
SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of
documents, information or material that has not been designated as DESIGNATED
MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential
treatment.  Any party that inadvertently or unintentionally produces Protected Material
without designating it as DESIGNATED MATERIAL may request destruction of that
Protected Material by notifying the recipient(s), as soon as reasonably possible after the
producing Party becomes aware of the inadvertent or unintentional disclosure, and

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer
to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" both
individually and collectively.

providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized by this Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound," (Appendix A).

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 14 herein:

(a)   outside counsel of record in this Action for the Parties, and outside counsel retained for the purpose of this litigation;

(b)   outside counsel's paralegals, attorneys, and staff, working at the direction of such outside counsel that are assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)   no more than two (2) in-house counsel for the Parties to whom such disclosure is reasonably necessary for the oversight, conduct, and/or resolution of this litigation, all of whom have read this Order and signed the "Acknowledgement and Agreement to Be Bound" (Appendix A);

(d)   up to and including two (2) designated representatives of each of the Parties to whom such disclosure is reasonably necessary for the oversight, conduct, and/or resolution of this litigation, and who has read this Order and signed the "Acknowledgement and Agreement to Be Bound" (Appendix A),

(e)   outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least seven (7) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer within three business days in good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party must file a motion with the Court within three business days requesting a hearing or within such other time as the  Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)   independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)   the Court and its personnel.

6.   A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material should be protected from public disclosure because such information (i) contains confidential or proprietary information or trade secrets of the Party or a Non-Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material; or (ii) any information that a Party or Non-Party reasonably believes to be subject to federal, state or foreign Data Protection Laws or other privacy obligations..

---

[3] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing data, and location of court) any litigation in connection with which s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

7.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order. Disclosure of DESIGNATED MATERIALS shall be subject to all applicable laws and regulations relating to the export of technical data contained in such DESIGNATED MATERIALS including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Each party receiving DESIGNATED MATERIALS shall comply with all applicable export control statutes and regulations.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so highly sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code (i.e., a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm) and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate

such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE." "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" also includes any information that a Party or Non-Party reasonably believes to be subject to federal, state or foreign Data Protection Laws or other privacy obligations. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR").

9.    For Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a)-(b) and 5(e)-(g).

10.   For Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

(a)   Access to a Party's Source Code Material shall be provided using three secure review computers provided by the producing Party, where the Source Code production applicable to each of the above-captioned cases is accessible from each review computer. If a Party's Source Code is provided on the review computers, each review computer shall be a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). A display screen or monitor of a size of at least seventeen inches shall be provided by the producing Party for each review computer. Each review computer may be capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraph 10(h) and (k) below. Each review computer shall, at the receiving Party's request and expense, and with the producing Party's approval that shall not be unreasonably withheld, include reasonable commercially available analysis tools (e.g., Notepad++) reasonably necessary for the type of Source Code Material. The receiving Party shall be responsible for providing tools or licenses to

tools that it wished to use so that the producing Party may install such tools on the stand-alone computers. Requests for installation of tools will be provided to the producing Party in a reasonable time. Except as provided in paragraph 10(k) below, the review computers produced by Microsoft will only be made available at the Austin offices of the law firm Fish & Richardson, or as otherwise agreed. If, due to a public health or other emergency, there arise federal, state, or local social distancing or travel restrictions, which would substantially hinder the source code review, the Parties shall meet and confer in good faith to discuss the feasibility of making the source code machines available in an alternative location that would allow source code review to occur while satisfying the reasonable interests of the producing Party in maintaining the security of its Source Code Material.

(b)   The receiving Party shall make reasonable efforts to restrict its requests for such access to the review computers to normal business hours for Fish & Richardson, where the code is hosted, which for purposes of this paragraph shall be 8:30 a.m. through 4:00 p.m. CST.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the review computer outside of normal business hours.  Requests for access shall be made ten (10) business-days' notice for the initial inspection of the Source Code Materials and three (3) business-days' notice for any subsequent inspection of the Source Code Materials.[4] Any single inspection may span multiple days based on the same notice. Requests for access shall include the information reasonably needed to access the building, including the names of the visitors and expected times of arrival.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)   The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the review computer in order to access the produced Source Code Material on the review computer. No recordable media, recordable devices, input/output devices, devices with Internet or network access, or other electronic devices capable of recording, copying, or transmitting the source code, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted in the source code reviewing room. The hosting facility for the producing Party shall provide a secure location to store personal electronic devices, such as cellular telephones, where they will be readily accessible to the reviewer outside the review room upon request.  Nor shall the reviewing Party or its expert(s) attempt to circumvent the security of the review computer or confidentiality of the source code displayed;

(d)   The producing Party will produce Source Code Material in computer searchable format on the review computer as described above;

---

[4] The parties recognize that the request for access for initial inspection of code has already been made and that additional requests shall require three (3) business-days' notice.

(e)  Access to Protected Material designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be limited to outside counsel and up to three (3) outside consultants or experts[5] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.  A receiving Party may include reasonably limited excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)  To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

(g)  Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)  In view of the current logistical circumstances related to the COVID-19 pandemic, the receiving Party will be provided with three (3) copies of printed Source Code Material, which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." No person shall copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code Material, except as explicitly permitted herein. The receiving Party shall maintain a log of all such files that are printed." No person shall copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code Material, except as explicitly permitted herein. The receiving Party may request additional copies of printed Source Code Material to be sent to specific individuals who have read this Order and signed Appendix A for the purposes of this litigation and with a need for additional, simultaneous access to the printed Source Code Material, and such requests shall not be unreasonably denied by the producing Party. The requesting party may seek leave of Court to require additional copies if the requesting Party believes the other party has unreasonably denied such a request. The receiving Party shall maintain a log of all such files that are printed.

---

[5] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's staff and other support personnel, working at the direction of such outside consultant or expert, and as such, the disclosure to a consultant or expert's staff and other support persons shall count as a disclosure to a single consultant or expert. Each person working at the direction of such outside consultant or expert must sign the acknowledgement form attached as Appendix A.

The receiving Party shall not print more than 1000 pages for each software release. The receiving Party may request permission to print additional pages of Source Code. Such requests shall not be unreasonably denied by the producing Party. If at the time of inspection and requested printing, the producing Party objects to the printed portions as excessive and/or not done for a permitted purpose, the receiving Party shall not be provided with the print portions until such objection is resolved. In the event of an objection, the Parties shall meet and confer in good faith within one (1) business day of the objection and attempt to resolve the dispute on an informal basis. If the Parties are unable to resolve any objection, the receiving party may seek court intervention.

If during the course of a review the receiving Party has stored electronic print-outs of Source Code Material (for example a pdf file) on the review computer, the receiving Party may request the producing Party provide the receiving Party with a Bates-labeled and appropriately designated paper copy of the electronic print-outs to the Receiving Party within one (1) business day. The producing Party will not delete such stored electronic print-outs from the review computer.

(i)   Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

(j)   If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts at all times keep the printouts or photocopies in a secured container in a locked area in the offices within the United States of such outside counsel, consultants, or expert, except when actively reviewing those printouts or photocopies. Paper copies of Source Code Material may not be copied and may not be removed from a secured container or location unless in a secured, private area. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a secure location within a hotel prior to a Court proceeding or deposition); and

(k)   A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal

Express or other similarly reliable and insured courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth herein and is at all times subject to the transport restrictions set forth herein. For those purposes only, the Source Code Materials may be stored on a stand-alone computer.

(l)  The producing Party may visually monitor the activities of the receiving Party's representatives during any source code review subject to such monitoring activities being free from any interference that impedes or hinders the representatives' source code review, and only to the extent to ensure that there is no unauthorized recording, copying, or transmission of the producing Party's Source Code. For example, the producing Party may visually monitor while standing outside of a glass wall of a conference room. For the sake of clarity, the producing Party will refrain from any active monitoring activities that reveal Attorney Work Product (*e.g.*, viewing the source code review notes, monitoring the contents of the review computer's screen during the review, or listening to conversation of the source code reviewer); such monitoring activities will not be considered to be reasonable.

(m) Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Except as provided in this paragraph, absent express written permission from the producing Party, the receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code Material from any paper copy of Source Code Material for use in any manner. Where the producing Party has provided the express written permission required under this provision for a receiving Party to create electronic copies of Source Code Material, and if the producing Party requests it, the receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order.  The Parties agree to negotiate additional procedures that will govern the use of Source Code Material in remote depositions, if necessary.

11.  Any attorney representing a Party, whether in-house or outside counsel, and any person

associated with a Party and permitted to receive the other Party's Protected Material that is

designated  "HIGHLY CONFIDENTIAL – ATTORNEYS'  EYES  ONLY"  and/or

" HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information

relevant to the case, but excluding financial data or non-technical business information

(collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives,  or otherwise

learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals or two years after such person last reviewed the HIGHLY SENSITIVE TECHNICAL MATERIAL, whichever is earlier. These prohibitions shall not preclude Plaintiff's litigation counsel from participating in any inter partes review, CBM, or post-grant review proceedings, provided there is no attempt to amend any claims in the proceedings by any counsel for patent owner during the course of the proceedings.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12.   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:(a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order if allowed under applicable protective orders in the other litigation;(b) promptly notify in

writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Action to disobey a lawful directive from another court.

13.   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party simultaneously that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party. If the Non-Party fails to object  and seek a protective order from this court within 14 calendar

days of receiving the notice and accompanying information, the Party shall produce the Non-Party's confidential information responsive to the discovery request. If the Party maintains it cannot produce the Non-Party's confidential information even after the notice and accompanying information have been provided, the Party may prepare a joint motion in which the Party and the Requesting Party ask that the court order expedited production of the Non-Party's confidential information in response to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

14. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s), in writing or via on-the-record request, and providing a privilege log for the inadvertently or unintentionally produced documents, information

or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. After notice is provided, no use shall be made of such material during deposition or at trial, or for any other purpose or in any other manner, nor shall such material be shown to anyone except as necessary to facilitate the return or destruction of such documents or information. If any such inadvertently produced material has been used in any other document generated in connection with the Action, including deposition transcripts, exhibits, and court filings, to the extent reasonably possible, the material shall be expunged or destroyed. The producing Party shall include the documents in a privilege log identifying such inadvertently produced or disclosed documents. The receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed privileged documents or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion. Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information. To the extent that a receiving Party receives information or items from a producing Party that the receiving Party believes may have been inadvertently disclosed, the receiving Party shall inform the producing Party and suspend review of such information or items for five (5) business days subject to the producing Party's response.

15.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

16.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or a hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

18.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.   The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20.   A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil

Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.   Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.   A copy of the acknowledgment form is attached as Appendix A.

22.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties" or "Non-Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.   To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.   Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

24.     Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Within thirty (30) days of final disposition of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  Nothing in this order requires a Party to destroy any information it is required by law to retain.  The Parties shall not be required to delete information that may reside on electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible. However, the Parties and their counsel shall not retrieve, access, nor use any DESIGNATED MATERIAL from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

25.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a

motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27.   Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

28.   Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

It is so ORDERED this 30th day of March, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § CIVIL ACTION 6:20-CV-00454-ADA |
| | § CIVIL ACTION 6:20-CV-00455-ADA |
| | § CIVIL ACTION 6:20-CV-00456-ADA |
| Plaintiff, | § CIVIL ACTION 6:20-CV-00457-ADA |
| | § CIVIL ACTION 6:20-CV-00458-ADA |
| | § CIVIL ACTION 6:20-CV-00459-ADA |
| v. | § CIVIL ACTION 6:20-CV-00460-ADA |
| | § CIVIL ACTION 6:20-CV-00461-ADA |
| MICROSOFT CORPORATION, | § CIVIL ACTION 6:20-CV-00462-ADA |
| | § CIVIL ACTION 6:20-CV-00463-ADA |
| Defendant. | § CIVIL ACTION 6:20-CV-00464-ADA |
| | § CIVIL ACTION 6:20-CV-00465-ADA |
| | § |
| | § PATENT CASE |
| | § |
| | § JURY TRIAL DEMANDED |

**APPENDIX A
ACKNOWLEDGEMENT & AGREEMENT TO BE BOUND BY
PROTECTIVE ORDER**

I, _____[print or type full name], declare that:

1. My address is _____. My current employer is _____. My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read in its entirety and understand the Protective Order.

3. I will comply with and be bound by all of the provisions of the Protective Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

4. I will hold in confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this action any information or item that is subject to the Protective Order.

5.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

6.      I hereby submit to the jurisdiction of the Court in which the action is pending for the purpose of enforcement of the Protective Order in this action, even if such enforcement proceedings occur after termination of the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Printed Name _____

Date _____

City and State where sworn and signed: _____

E-mail Address:      _____

Telephone:      _____