**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br> v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Civil Action No. 6:20-cv-454 |

**DEFENDANT MICROSOFT CORPORATION'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT'S INDUCED INFRINGEMENT CLAIM
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>**

## INTRODUCTION

A colorable induced infringement claim requires plausible allegations that a third party directly infringes the asserted claims, the accused infringer specifically intended that third party to infringe, and the accused infringer knew that the third party's acts would constitute infringement.

WSOU's amended complaint fails to satisfy these requirements. It does not allege *any* action taken by a third party—not the accused software itself—to perform the asserted claims' steps, or *how* a third party could even perform the steps using the accused software. The amended complaint also does not allege that Microsoft specifically intended for a third party to infringe the claims by directing or instructing it to practice the claims' steps knowing that the third party's actions would constitute infringement. Rather, the amended complaint generically references Microsoft documentation, pointing to a several thousand-page document without any specificity.

Microsoft therefore respectfully requests that the Court dismiss WSOU's claim of induced infringement.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 30, 2021, the Court heard argument on Microsoft's motion to dismiss the original complaint. At that hearing, Microsoft argued that WSOU had failed to allege direct infringement because its infringement theory improperly erased the distinction between the "network parameters" and "service indicator" limitations of the claims. *See, e.g.*, Dkt. No. 72 ("2021-03-30 Hr'g Tr."), at 20-21; Dkt. No. 20, at 6. At the close of the hearing, the Court afforded WSOU two weeks to amend its complaint. 2021-03-30 Hr'g Tr., at 26. WSOU filed its amended complaint (Dkt. No. 73, "FAC") on April 5, 2021.

The amended complaint, like the original, starts with a general allegation that "network parameters" are "select[ed]" by Microsoft's Network Performance Monitor software. FAC, at ¶40. The main change in the amended complaint is an enumeration of purported "network parameters" and "service indicator[s]," which appears to rely on functions in Microsoft's confidential source code made available for inspection after this suit was filed.

The complaint then flags specific purported "network parameters" alleged to be "select[ed]" according to the claimed methods. For example, it identifies (1) "network parameters" such as "request time, response time, acknowledgement time, etc." FAC, at ¶48, (2) "network parameters" that are dimensions such as "Direction" and "IP," FAC, at ¶49, and (3) "network parameters" that are apparent source code functions, *see* FAC, at ¶¶50, 52-53.

The amended complaint then alleges the "values" of these "network parameters" are used to determine various purported "service indicator[s]," which include metrics like "SuccessE2ELatency," "multi-dimensional metrics," and other apparent source code functions. FAC, at ¶¶48-50. The amended complaint also alleges that "Network Performance Monitor monitors . . . features that at least satisfy the 'service indicator' term," FAC, at ¶44, and that "Azure Monitor determines a trend of a metric (including, for example, those metrics which satisfy the 'service indicator' claim term)," FAC, at ¶54.

Despite these new allegations, the amended complaint, never alleges that any of these purported "network parameters" or "service indicator" "values" or "trend[s]" is or even can be "select[ed]" or "determin[ed]" by a third party. '160 patent, at claim 1.

## ARGUMENT

WSOU fails to plead induced infringement because it has neither asserted direct infringement by a third party, *see C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553

(Fed. Cir. 1990), nor sufficiently plead specific intent by Microsoft to induce that third party's direct infringement, *see Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 14-cv-134, 2015 WL 3513151, at *4 (W.D. Tex. Mar. 24, 2015).

### A. Failure to allege direct infringement by a third party.

The amended complaint never plausibly alleges that a third party performs any of the steps required by the asserted claims. This is most evident with the claimed "selecting" and "determining" steps. At most, the amended complaint alleges that Microsoft's Network Performance Monitor "selects" the alleged "network parameters," and that Microsoft's Azure Monitor "determines" the "service indicator" "trend." FAC, at ¶¶40, 54.

But nowhere does the amended complaint allege or attempt to show that a *third party* uses Network Performance Monitor or Azure Monitor to "select[]" the identified "network parameters" or "determin[e]" the identified "service indicator" "values" or "trend[s]," as required by the claim. All the amended complaint alleges is that Microsoft's software has purportedly infringing functionalities.

The amended complaint's allegations with respect to the "selecting" limitation illustrates its own deficiency. The claims require "selecting two or more parameters of a network" and using them to "determin[e]" a "service indicator" "value." '160 patent, at claim 1. On this limitation, the amended complaint alleges that the "selecting" step is performed when, for example, an unknown entity presumably "select[s]" one set of source code functions (alleged "network parameters") and uses them to "determine[]" another source code function (an alleged "service indicator" "value"). FAC, at ¶50. Even if accepted as true, it is not plausible to allege that a third party "select[s]" these source code functions. And there is no allegation that Microsoft instructs or directs a user to "select[]" the source code. At best, the amended complaint points generically to a 3,300+ page Microsoft document, which covers countless

3

aspects of Microsoft's software.  FAC, at ¶62.  It never explains where this document instructs a user to select the identified source code functions.

The amended complaint's allegations as to the steps for "determining" a "service indicator" "value" and "trend" also illustrate its deficiency in alleging direct infringement by a third party.

With respect to "determining" a "service indicator" "value," the asserted claims require "determining . . . the value of a service indicator as a function of . . . parameter values."  '160 patent, at claim 1.  But the closest allegation in the amended complaint alleges that "Network Performance Monitor" "monitors" "service indicators."  FAC, at ¶44.  That does not identify any instance where Microsoft *instructs a user* to "determin[e]" any of the identified "service indicator[s]" based on any of the identified "network parameters."  *See, e.g.*, FAC, at ¶50.

With respect to "determining" a "service indicator" "trend," the asserted claims require "determining a trend of the [service] indicator as a function of said determined indicator values." '160 patent, at claim 1.  Nowhere does the amended complaint identify how Microsoft *instructs or directs a user* to "determin[e]" a trend of any "service indicator."  Rather, as explained above, the amended complaint alleges Microsoft's "*Azure Monitor* determines a trend of a metric." FAC, at ¶54 (emphasis added).

### B. Failure to allege specific intent.

The complaint also fails to allege any specific intent in connection with its induced infringement charge.  *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) ("we now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement").  Paragraph 62 is the sole paragraph that mentions induced infringement, and it provides no evidence of any specific intent by Microsoft.  It contains a link

4

to Microsoft's website, but does not point to anything that instructs or directs a user to "select[]" "network parameters" or "determin[e]" "service indicator" "values" or "trend[s]."

For the amended complaint to sufficiently allege specific intent, it must do more than hand-wave at product literature. It must identify where the accused infringer "advocate[s] for 'use in an infringing manner' for the court to reasonably infer specific intent. Where defendants have not touted the benefits of the accused products in ways that track the asserted patents, courts generally do not infer specific intent." *CyWee Group Ltd. v. HTC Corp.*, 312 F. Supp. 3d 974, 979 (W.D. Wash. 2018) (internal quotations and citations omitted).

The bottom line: WSOU cannot accuse Microsoft of induced infringement but refuse to identify the conduct by which it believes Microsoft is instructing or directing a third party to directly infringe, and by which Microsoft allegedly knows that such conduct constitutes direct infringement of the asserted claims. *See also Core Wireless Licensing S.A.R.L. v. Apple Inc.,* No. 6:14-cv-752, 2015 WL 12850550, at *4 (E.D. Tex. July 15, 2015) ("[G]eneric allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim."), *report and recommendation adopted*, No. 6:14-cv-752, Dkt. No. 100 (Aug. 15, 2015); *see also Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. 13-cv-362, 2014 WL 12551207, at *6 (W.D. Tex. Apr. 30, 2014) ("The complaint generally alleges that Blackberry induced its customers to use its own devices, but fails to allege how Blackberry induced its customers to use the devices in a manner that would violate the '641 patent."); *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 14-cv-134, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015) ("In light of the complexity of the patents-in-suit and the exceedingly

5

broad nature of Joao's induced-infringement pleadings, the court concludes that Joao's claims for induced infringement do not rise to the level of plausibility required to withstand dismissal.").

## CONCLUSION

For the above reasons, Microsoft respectfully requests the Court dismiss WSOU's induced infringement claim.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: April 21, 2021 | */s/ John W. McBride* |

Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166
bshelton@sheltoncoburn.com

*Of Counsel*

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
Richard M. Chen (admitted *pro hac vice*)
Kevin R. Oliver (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000

Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

Brooke S. Boll (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 West Fifth St.
Los Angeles, CA 90013
Telephone: (213) 896-6000
Fax: (213) 896-6600
brooke.boll@sidley.com

*Attorneys for Defendant Microsoft Corporation*

**CERTIFICATE OF SERVICE**

I certify that on April 21, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record as identified below.

                                                  */s/ John W. McBride*
                                                  John W. McBride