IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § § | CIVIL ACTION 6:20-CV-00454-ADA |
| Plaintiff, | § § | PATENT CASE |
| v. | § § | |
| MICROSOFT CORPORATION, | § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**RESPONSE OPPOSING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Microsoft has abandoned its motion to dismiss WSOU's direct infringement claim and now moves only for dismissal of WSOU's claim for induced infringement, arguing WSOU fails to allege (a) direct infringement by a third party or (b) specific intent by Microsoft. The motion should be denied because WSOU's Amended Complaint adequately alleges direct infringement by third parties and specific intent by Microsoft.

## ARGUMENT

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim has "facial plausibility" and must not be dismissed "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

A patentee "need not 'prove its case at the pleading stage.'" *Nalco Company v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012), which cites *Skinner v. Switzer*, 562 U.S. 521, 131 (2011)). Rather, "the complaint must place the 'potential infringer on notice of

what activity is being accused of infringement.'" *Id*. (quoting *K–Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013) (ellipses removed).

### B. Microsoft's motion should be denied because it is premature.

This Court has recently recognized that the question at issue here "appears to be one for the Court to resolve either at the summary judgment stage or at trial." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019). As in *Parity*, WSOU's allegation "has been adequately pleaded, discovery can be taken, and a dispositive motion can be filed at a later date." *Id.*

### C. WSOU's Amended Complaint adequately pleads indirect infringement.

Microsoft incorrectly characterizes WSOU's Amended Complaint as offering nothing more than citations to Microsoft's user guides. WSOU alleges significantly more. The Amended Complaint sets out detailed allegations of direct infringement, identifying the accused products and functionalities. *See* Amended Complaint ¶¶ 31–59. The Amended Complaint further includes screenshots and citations to Microsoft's online user manuals, which contain instructions and demonstrations for how to use the accused functionalities in an infringing manner. *Id.* ¶¶ 33–58. Although Microsoft apparently removed the contents at the link provided in paragraphs 33 and 62 of WSOU's Amended Complaint, the same material is included as an exhibit to WSOU's Preliminary Infringement Contentions.[1] The same (or substantially the same) material is also still available online.[2] Microsoft's user manuals, referenced and cited in the Amended Complaint and

---

[1] The Amended Complaint incorporates by reference the Preliminary Infringement Contentions. *See* Amended Complaint ¶ 22. Microsoft completely ignores in its motion the *extraordinary* notice provided by Plaintiff's express incorporation of its Preliminary Infringement Contentions (in paragraph 21 of the Amended Complaint). Plaintiff's Preliminary Infringement Contentions are replete with citations and screenshots from Defendant's documentation, including Defendant's public-facing instructional documentation and corresponding confidential source code.

[2] *See* Azure Monitor overview - Azure Monitor | Microsoft Docs (as of April 30, 2021 at https://docs.microsoft.com/en-us/azure/azure-monitor/overview); Network Performance Monitor solution in Azure - Azure Monitor | Microsoft Docs (as of April 30, 2021 at https://docs.microsoft.com/en-us/azure/azure-monitor/insights/network-performance-monitor#use-the-solution); Performance Monitor in Network Performance Monitor - Azure

WSOU's Preliminary Infringement Contentions, contain directions for customers to use the accused functionalities. *Id.* ¶62

The Amended Complaint further alleges that Microsoft's customers directly infringe the patent by using the Accused Product in accordance with Microsoft's instructions, and that Microsoft provides customers instructions on how to infringe the patent with its user manuals and advertising. *Id.* ¶ 62. This allegation, coupled with WSOU's detailed discussion identifying the accused functionalities in paragraphs 31-59 of the Amended Complaint and the screenshots of advertisements and instructions on Microsoft's website (incorporated in WSOU's Preliminary Infringement contentions), is more than enough to give rise to a reasonable inference that Microsoft intended to induce. *See Maxell Ltd. v. Apple Inc.*, 5:19-CV-00036-RWS, 2019 WL 7905455, at *4 (E.D. Tex. Oct. 23, 2019) ("The preceding discussion identifying the accused functionalities and the screenshots of advertisements and instructions on Apple's website, coupled with this allegation, are more than enough to give rise to a reasonable inference that Apple intended to induce infringement.").

Microsoft's reliance on *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752-JRG-JDL, 2015 WL 12850550 (E.D. Tex. Jul. 15, 2015) is misplaced. There, the complaint failed to allege "any facts identifying, even at a basic level, which functionalities of the accused products are at issue, or how the instructions direct customers to use those products in an infringing manner[.]" *Id.* at 4. The Eastern District of Texas refused to apply *Core Wireless* in *Maxell* because the complaint in *Maxell* – like WSOU's complaint – "set[] out in detail allegations of direct infringement, identifying the accused functionalities and accused devices," included "screen-shots and descriptions of Apple's online user manuals and advertisements" and coupled these allegations with an allegation that Apple induced its customers to infringe. *Maxell*, 2019 WL 7905455 at *4. In doing so, *Maxell* reemphasized the recognition in *Core Wireless* "that 'the provision of

---

Monitor | Microsoft Docs (as of April 30, 2021 at https://docs.microsoft.com/en-us/azure/azure-monitor/insights/network-performance-monitor-performance-monitor#configuration)

instructions by an accused infringer may indicate specific intent to induce infringement.'" *Id*. (quoting *Core Wireless*, 2015 WL 12850550, Slip Op. at *4). Other courts have adopted similar reasoning to *Maxell*.[3]

Microsoft's reliance on *Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. 13-cv-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014) is likewise misplaced. The complaint at issue in *Affinity* did not set out in detail the accused functionality of an accused product, it did not include screenshots and descriptions of Blackberry's user manuals and advertisements, and it did not incorporate by reference detailed infringement contentions containing detailed references to Blackberry's user manuals and advertisement. Unlike here, the complaint there contained only a bald assertion of induced infringement.

Microsoft cannot reasonably argue that the *extraordinary* level of detail provided by WSOU, including the detail provided in WSOU's Preliminary Infringement Contentions, fails to provide sufficient notice as to which functionalities stand accused of infringement or how Microsoft's manuals and advertisements—which include detailed instructions for configuring the accused functionalities to perform in an infringing manner—induce its users to directly infringe.

## **CONCLUSION**

WSOU pleads factual content that allows this Court to draw the reasonable inference that Microsoft is liable for induced infringement. Microsoft has not shown that WSOU would not be

---

[3] *See, e.g.*, *Nomadix, Inc. v. Hospitality Core Services LLC*, 2015 WL 1525537, *3 (C.D. Cal. April 3, 2015) (denying motion to dismiss inducing infringement for allegedly not sufficiently pleading intent since the patentee's allegations that the accused infringer provided instructions to use its product in an infringing manner was sufficient); *U.S. Water Services, Inc. v. Novozymes A/S*, 2014 WL 2604997, *4–*6 (W.D. Wis. June 11, 2014) (denying motion to dismiss indirect infringement claims in view of allegations that the accused infringers "instructed potential customers to buy their product and use it in the same way as plaintiffs' patented methods"); *Telecomm Innovations, LLC v. Ricoh Co., Ltd.*, 966 F. Supp. 2d 390, 393–94 (D. Del. Aug. 6, 2013) (finding it sufficient that "plaintiff at bar alleges that defendants provided technical support and instructions to their customers on how to use products in such a way as to infringe the patented invention").

entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint, and its motion should be denied.

Although Microsoft's motion should be denied outright, if the Court is inclined to grant any part of Microsoft's motion, WSOU respectfully requests that the Court allow WSOU to amend its Amended Complaint. Fed. R. Civ. P. 15(a)(2) (providing that leave to amend should be freely given when justice so requires). Under the scheduling order, the deadline to amend without leave is June 24, 2021. Further, there is no harm in allowing WSOU to file a second amended complaint to address issues that were raised by Microsoft for the first time only after WSOU filed its First Amended Complaint – issues Microsoft could have raised in its original Rule 12 motion but did not.

Dated: May 4, 2021

Respectfully submitted,

*/s/ Ryan S. Loveless*
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296
Brett A. Mangrum
Texas State Bar No. 24065671
Jeffrey Huang
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Brett@EtheridgeLaw.com
JeffH@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon all counsel of record via email in accordance with the Federal Rules of Civil Procedure on May 4, 2021.

*/s/ Ryan S. Loveless*
Ryan S. Loveless